O

JS - 6

CC: order, docket, remand letter to
Los Angeles Superior Court, Northwest District,
Van Nuys, No. LC 94534

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENCINO PETROLEUM, INC. dba VENTURA 76, <br><br> Plaintiff, <br><br> v. <br><br> ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, AN INSURANCE COMPANY, <br><br> Defendants. | Case No. CV 11-08122 DDP (AJWx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO ALLOW THIRD AMENDED COMPLAINT AND FOR REMAND** <br><br> [Docket No. 13] |

Presently before the court is Plaintiff's Motion for Order Allowing the Filing of Plaintiff's Third Amended Complaint and for Remand ("Motion"). Having reviewed the parties' moving papers, the court grants Plaintiff's Motion and adopts the following Order.

**I.  BACKGROUND**

On August 11, 2011, Plaintiff Encino Petroleum, Inc. ("Encino") filed suit against Allied Property and Insurance Company ("Allied") in California state court. The Complaint alleged state law claims for breach of contract and the duty of good faith and fair dealing, stemming from Encino's insurance claim for property

damage to its gas service station on December 24, 2009. Allied removed the action to this court on September 30, 2011, on the basis of diversity jurisdiction. In October and November 2011, Encino filed First and Second Amended Complaints, pursuant to stipulation. The Second Amended Complaint effectively substituted Defendant AMCO Insurance Company ("AMCO") in place of Allied.

AMCO formally denied Encino's insurance claim on September 1, 2011, based in part on Encino's alleged failure to timely report a claim. Encino contends that it then investigated the identity of an individual at Amorelli, Rosemann & Associates Insurance Services, Inc. ("Amorelli"), who had previously instructed Encino not to file its insurance claim. Encino now seeks to file a Third Amended Complaint, adding Defendants Amorelli and its agent Gail Schrenk, as well as a claim for intentional misrepresentation. According to Encino, it attempted to timely report its insurance claim to AMCO, through Amorelli, in December 2009. Encino alleges that agent Schrenk, acting on behalf of Amorelli and AMCO, intentionally misrepresented that there was no coverage for the claim, that Encino should not report the incident, and that doing so would lead to cancellation of Encino's insurance policy. Encino also alleges that AMCO, Amorelli, and Schrenk thereby conspired to create a false excuse to deny coverage to Encino on its claim.

**II.  LEGAL STANDARD**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); see also Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998) ("[T]he decision

2

regarding joinder of a diversity destroying-defendant is left to the discretion of the district court . . . ."). In deciding whether to allow such joinder, district courts have considered a number of factors, including: (1) whether the new defendants are necessary parties; 2) whether any statute of limitations would preclude an original action against defendants in state court; (3) whether plaintiff has unjustifiably delayed seeking joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendants appear valid; and (6) whether denying joinder would prejudice plaintiff. <u>Palestini v. Gen. Dynamics Corp.</u>, 193 F.R.D. 654, 658 (S.D. Cal. 2000).

**III. DISCUSSION**

Based on these factors, the court finds that joinder of Defendants Amorelli and Schrenk is proper, exercises its discretion to allow such joinder, and remands the action to California state court. First, although the proposed Defendants are not necessary parties and no statute of limitations would bar a suit against them in state court, the efficiency of avoiding multiple court actions based on the same occurrences weighs strongly in favor of joinder. Nor would joinder and remand prejudice the parties, given that the litigation is still in its early stages. Relatedly, the court finds that Encino sought joinder within a reasonable amount of time, as it filed this Motion within a few months of removal and AMCO's formal denial letter. In light of the aforementioned allegations, the court also finds that Encino has pled what appears to be a valid claim for intentional misrepresentation against AMCO, Amorelli, and Schrenk. Last, contrary to AMCO's arguments, the

3

court finds no other reason to think that Encino is seeking joinder solely for the purpose of defeating federal jurisdiction.

**IV. CONCLUSION**

For all of these reasons, the court hereby GRANTS Encino's Motion to file a Third Amended Complaint, and REMANDS the action to California state court.

IT IS SO ORDERED.

Dated: April 16, 2012

DEAN D. PREGERSON
United States District Judge